IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BERENICE CAROL GLOVER**, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**"WELLS FARGO**," et al.,<br><br>　　　　　Defendant. | Case No. 3:25-cv-00250-JR<br><br>**ORDER ADOPTING IN FULL F&R AND GRANTING MOTION TO DISMISS** |

Berenice Carol Glover, Gaston, OR 97119. Pro Se.

Mackenzie E. L. Wong and Kelly H. Dove, Snell & Wilmer L.L.P., 601 SW 2nd Ave., STE 200, Portland, OR 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

　　　Plaintiff Berenice Glover, appearing pro se, is suing Wells Fargo Bank for fraud and intentional infliction of emotional distress based on its foreclosure of Plaintiff's home in 2009. Complaint ("Compl."), ECF 1 at 1–4. Plaintiff alleges that Defendant committed fraud through the foreclosure sale and through its later statements that the sale "was appropriately held." *Id.* at 2–3. Plaintiff also alleges that Wells Fargo intended to inflict severe emotional distress on her by repeatedly evicting her from the foreclosed property between 2009 and 2015. *Id.* at 4–6. Before

PAGE 1 – ORDER ON F&R AND MOTION TO DISMISS

this Court is Defendant Wells Fargo Bank's Motion to Dismiss, ECF 4. Magistrate Judge Russo issued her Findings and Recommendation ("F&R"), ECF 13, recommending that this Court grant Defendant's motion. This Court ADOPTS Judge Russo's F&R in full and DISMISSES Plaintiff's complaint with prejudice.

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*," whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

This Court liberally construes Plaintiff's First Objections to Scheduling Order, ECF 18, as Plaintiff's objections to Judge Russo's F&R. Therein, Plaintiff states that she "will not consent to enlarge magistrate Russo's authority in this matter to do anything more than make the recommendation to this court." Plaintiff's First Objections, ECF 18 at 2. This Court finds that Judge Russo has not exceeded her authority to "enter a recommended disposition, including, if appropriate, proposed findings of fact" under Federal Rule of Civil Procedure 72(b). Plaintiff has otherwise failed to object to any portion of Judge Russo's F&R. This Court reviewed Judge Russo's F&R and adopts it in full. For the reasons stated in the F&R, Plaintiff's claims are time barred under the two-year statute of limitations, and even considering the Complaint's

PAGE 2 – ORDER ON F&R AND MOTION TO DISMISS

allegations, Plaintiff has failed to state a claim for relief. Plaintiff's claims for fraud and intentional infliction of emotional distress resulting from the 2009 foreclosure are dismissed without leave to amend because amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[D]istrict courts are only required to grant leave to amend if a complaint can possibly be saved.").

Judge Russo's F&R, ECF 13, is ADOPTED in full. This Court DISMISSES this case with prejudice for failure to state a claim.

**IT IS SO ORDERED**.

DATED this 9th day of September, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 3 – ORDER ON F&R AND MOTION TO DISMISS